# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 01, 2020

Mr. Darrin LaPine
Macomb Correctional Facility
34625 26 Mile Road
Lenox Township, MI 48048-3000

Re:  Case No. 19-1403, *Darrin LaPine v. Robert Lincoln, et al*
Originating Case No. : 1:19-cv-00120

Dear Mr. LaPine,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Briston S. Mitchell
Case Manager
Direct Dial No. 513-564-7082

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

No. 19-1403

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 01, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DARRIN LAPINE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ROBERT LINCOLN, et al., | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before:  McKEAGUE, DONALD, and READLER, Circuit Judges.

Darrin LaPine, a Michigan prisoner proceeding *pro se*, appeals the district court's judgment that dismissed without prejudice his civil rights case filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.  This case has been referred to a panel of the Court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, LaPine sued named and unnamed prison staff and officials.  In a preliminary section of his complaint, he alleged that he was in imminent danger due to being at serious risk of being assaulted and of being paralyzed due to a spinal condition.  In the body of his complaint, LaPine alleged that: a corrections officer sexually assaulted him; he was retaliated against for filing lawsuits and grievances; he was denied access to a bathroom which caused him to urinate on himself because of nerve root impingement in his spine; he was denied medical treatment; a corrections officer caused another inmate to assault him; and he was housed in segregation for three weeks with no toiletries, pillow, clean clothes, or heat, and with a thin, soiled mattress that caused his spine unbearable pain.  The district court denied

LaPine's motion to proceed in forma pauperis (IFP), concluding that his allegations did not satisfy the imminent-danger exception to the three-strikes rule of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). The district court dismissed LaPine's action without prejudice for failure to pay the filing fee, ordered him to pay the full filing fee, and certified that an appeal would not be taken in good faith. LaPine moved for leave to proceed IFP on appeal.

We granted LaPine's IFP motion and directed the clerk to establish a briefing schedule. *LaPine v. Lincoln*, No. 19-1403 (6th Cir. Oct. 1, 2019) (order). In that order, we concluded that LaPine's allegations of spine disease were sufficient notice that he was under imminent danger of serious physical injury when he filed his complaint and his appeal, and found that whether § 1915(g) incorporated a nexus requirement was moot because LaPine's allegations of spine disease were fairly traceable to some of his claims.

On appeal, LaPine argues that the district court improperly applied 28 U.S.C. § 1915(g), *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580 (6th Cir. 2013), and *Gresham v. Meden*, 938 F.3d 847 (6th Cir. 2019).

We review a district court's decision to dismiss a complaint under § 1915(g) for an abuse of discretion and its application of the PLRA de novo. *Vandiver*, 727 F.3d at 584. A prisoner who has previously had three or more actions or appeals dismissed as frivolous, as malicious, or for failure to state a claim is barred from proceeding IFP in the district court or on appeal "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The threat or prison condition must be real and proximate and the danger must exist when the complaint is filed. *Vandiver*, 727 F.3d at 585. "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham*, 938 F.3d at 850.

Upon review, we conclude that the district court abused its discretion when it dismissed LaPine's complaint. *See Vandiver*, 727 F.3d at 584. LaPine does not dispute that he has three strikes under § 1915(g), so the only issue is whether his complaint sufficiently invoked the imminent-danger exception. LaPine's allegations of spine disease provide sufficient notice that

No. 19-1403
- 3 -

he was under imminent danger of serious physical injury. *See id.* at 587.  In *Vandiver*, we declined to reach the question of whether § 1915(g) includes a nexus requirement. *See id.* at 588.  The issue is moot in this case because LaPine's allegations of spine disease are fairly traceable to his claims that he was denied medical treatment, access to a bathroom, and that his mattress caused him back pain.  Finally, LaPine's financial documents establish that he meets the indigency requirement of § 1915.

For the foregoing reasons, we **VACATE** the district court's judgment and **REMAND** the case for further proceedings consistent with this order.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk