UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

ROBERT LINCOLN, et al.,

    Defendants.

_____/

Case No. 1:19-cv-120

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Corrections Officer (CO) Robert Lincoln filed a motion for partial summary judgment for failure to exhaust administrative remedies as to Counts 1 and 6 of Plaintiff's Complaint. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation. Defendant filed a response in opposition. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.[1]

---

[1] On March 22, 2023, Plaintiff filed "Objections to and Motion to Strike 3/15/23 Pleading" (ECF No. 78), seeking in part to strike Defendant's reply brief (ECF No. 77) with respect to Defendant's motion for partial summary judgment. The Court denies Plaintiff's motion as improper for two reasons: 1) Defendant was permitted to file a reply brief under this Court's local rules, and Plaintiff fails to identify any basis for seeking to strike Defendant's reply brief under Federal Rule of Civil Procedure 12(f); and (2) Plaintiff's motion is essentially an improper sur-reply brief filed without leave of Court. *See* W.D. Mich. LCivR 7.1 and 7.2(c) (allowing for a responsive brief and reply

The Magistrate Judge summarized Plaintiff's Counts 1 and 6 as follows:

[] Count 1
In September 2015, Plaintiff transferred to the Richard A. Handlon Correctional Facility (MTU). On an unspecified date thereafter, Plaintiff was visited by an attorney after which [CO] Lincoln subjected Plaintiff to a strip search. While conducting this search, Lincoln stated to Plaintiff that "convicts shouldn't be allowed visits with attorneys." Plaintiff later received a Notice of Intent for possessing "excess legal material" and "all [his] legal material was confiscated." Plaintiff insinuates that his legal materials were confiscated at Lincoln's direction and alleges that Lincoln took this action for unlawful retaliatory reasons.

[] Count 6
On an unspecified date, CO Lincoln falsely charged Plaintiff with possession of stolen property after allegedly discovering "a large object hidden between Plaintiff's legs in his underwear." This charge was later dismissed. Plaintiff alleges that CO Lincoln falsely charged him with a misconduct for unlawful retaliatory reasons.

(R&R, ECF No. 79 at PageID.670–671).

After fully setting forth the factual and legal background, the Magistrate Judge determined that none of the grievances that Plaintiff exhausted (provided by Defendant) "concern the claims asserted in Counts 1 and 6" and that "Plaintiff's vague assertion that he was unable to submit a grievance because he was on modified grievance access is insufficient" to create an issue of fact where "Plaintiff has presented no evidence that he was on modified grievance access when the events giving rise to Counts 1 and 6 occurred" (R&R, ECF No. 79 at PageID.676). The Magistrate Judge concluded that even if the Court were to assume that Plaintiff was on modified grievance access, his statement that "a grievance was either requested and not provided or requested and not responded to," (ECF No. 76 at PageID.655), lacks any detail or specificity and is little more than a legal conclusion, which fails to create a genuine dispute on the question of whether Plaintiff exhausted the claims in question.

---

brief and stating that "[t]he court may permit or require further briefing."); *see also* W.D. Mich. LCivR 5.7(f).

In his first objection, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff did not exhaust his administrative remedies as to Count 1 (Pl. Obj., ECF No. 80 at PageID.679). Plaintiff argues that he filed a grievance against Lincoln relating to Count 1 and that Plaintiff "did send a kite to the grievance coordinator but received no response" (Pl. Obj., ECF No. 80 at PageID.679; *see* ECF No. 80-1 at PageID.686–687).

Plaintiff's objection does not demonstrate any factual or legal error in the Magistrate Judge's conclusions that Plaintiff failed to present evidence that he was on modified grievance access and that Plaintiff's vague assertions failed to create an issue of fact as to whether Plaintiff exhausted his claim. Further, even assuming that Plaintiff's documentation attached to his objection is properly before this Court[2], for the reasons argued by Defendant, without additional factual context, the grievance form, kite, and Plaintiff's conclusory statements are insufficient to create an issue of fact because the documents do not "bear any indication that they were received" by the Michigan Department of Corrections (MDOC) (Resp., ECF No. 81 at PageID.695–696; *see* ECF No. 80-1 at PageID.686–687). Plaintiff's first objection is properly denied.

In his second objection, as to Count 6, Plaintiff cites the MDOC policy relating to decisions made in misconduct hearings and issues related to the hearing process and avers that he "did file a grievance" that "was not responded to" and attaches the grievance and dismissed misconduct report (Pl. Obj., ECF No. 80 at PageID.679; *see* ECF No. 80-1 at PageID.688–689). For the

---

[2] Defendant correctly argues in response that the documentation submitted by Plaintiff is improper as the documents "were purportedly generated in 2015 or 2016" but were not provided to the Magistrate Judge in response to Defendant's motion for summary judgment (Resp., ECF No. 81 at PageID.695–696). In fact, certain documents do not appear relevant to the instant action (ECF No. 80-1 at PageID.684–685), nor to Plaintiff's claims in Counts 1 and 6 (*id.* at PageID.693–694). Plaintiff provides no context as to why these documents were submitted to the Court. Further, three of the documents submitted are illegible (*id.* at PageID.690–692).

3

reasons discussed above, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Last, Plaintiff also reiterates his arguments that he filed grievances and received no response as to Count 1, that he "was placed on modified access … as a direct result of filing grievances … during this specific time period …", and that the misconduct report at issue "was presented and is again, that the Defendant and his counsel continue to cover up and claimed never happened" (Pl. Obj., ECF No. 80 at PageID.680–681); however, Plaintiff's arguments do not identify—let alone demonstrate—factual or legal error in the Magistrate Judge's resolution of his claims.  *See* W.D. Mich. LCivR 72.3(b) (An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections.").

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 80) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 79) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment (ECF No. 71) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 78) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  May 3, 2023                                               /s/ Jane M. Beckering                    
                                                                              JANE M. BECKERING
                                                                              United States District Judge